| United States Bankruptcy Court<br>Eastern District of Michigan | VOLUNTARY PETITION |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Lee Steel Corporation** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**38-1683120** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one state all): |
| Street Address of Debtor (No. and Street, City and State):<br>**45525 Grand River Avenue**<br>**Novi, MI 48374** | Street Address of Joint Debtor (No. and Street, City and State): |
| County of Residence or of the Principal Place of Business:<br>**Oakland County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
Form of Organization
(Check **one** box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities,
  *check this box and state type of entity below)*

**Chapter 15 Debtors**

Country of debtor's main interest:

Each country in which a foreign proceeding by,
regarding, or against debtor is pending:

**Nature of Business**
(Check **one** box.)

- [ ] Health Case Business
- [ ] Single Asset Real Estate as defined
  11 USC § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

Steel Industry

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check **one** box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition
  for Recognition of a
  Foreign Main
  Proceeding
- [ ] Chapter 15 Petition
  for Recognition of a
  Foreign Nonmain
  Proceeding

**Nature of Debts**
(Check **one** box.)

- [ ] Debts are primarily
  consumer debts, defined in
  11 U.S.C. §101(8) as
  "incurred by an individual
  primarily for a personal,
  family, or household
  purpose."
- [x] Debts are primarily
  business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee Attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach
  signed application for the court's consideration certifying that the debtor is unable
  to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach
  signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
  insiders or affiliate) are less than $2,490,925 (amount subject to adjustment on
  4/01/16 and every three years thereafter).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of
  creditors, in accordance with 11 U.S.C. §1126(B).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
  distribution to unsecured creditors.

THIS SPACE FOR
COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | 500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | 500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] |

| **VOLUNTARY PETITION** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Lee Steel Corporation** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:     **See Attachment for Pending Cases** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice require by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | Signature of Attorney for Debtor(s)  --    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue** (Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this district, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property** (Check all applicable boxes.)

☐ Landlord has a judgement against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgement)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgement for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C § 362(1)).

| **VOLUNTARY PETITION** *(This page must be completed and filed in every case.)* | **Name of Debtor(s): Lee Steel Corporation** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Respresentative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in the petition is true and correct.

_____
*Signature of Debtor*

_____
*Signature of Joint Debtor*

_____
*Telephone Number*

_____
*Date*

**Signature of a Foreign Respresentative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C § 1511 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

_____
*(Signature of Foreign Representative)*

_____
*(Printed Name of Foreign Representative)*

_____
*Date*

**Signature of Attorney***

_____
*Signature of Attorney for Debtor(s)*

**Stephen M. Gross**
*Printed Name of Attorney for Debtor(s)*

**McDonald Hopkins PLC**
*Firm Name*

**39533 Woodward Ave., Ste. 318**
**Bloomfield Hills, MI 48304**
**Email Address: sgross@mcdonaldhopkins.com**
*Address*

**248-646-5070**
*Telephone Number*

_____
*Date*

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b), and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notices of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19 is attached.

_____
*Printed Name and title, if any, of Bankruptcy Petition Preparer*

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)

_____
*Address*

_____
*Signature of Preparer*

_____
*Date*

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person, individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 100; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

*Laura Marcero*
*Signature of Authorized Individual*

**Laura Marcero**
*Printed Name of Authorized Individual*

**Chief Restructuring Officer**
*Title of Authorized Individual*

_____
*Date*

# ATTACHMENT TO VOLUNTARY PETITION

## PENDING FILINGS

| DEBTOR NAME | CASE # | DATE | DISTRICT | RELATIONSHIP | JUDGE |
|---|---|---|---|---|---|
| 4L Ventures, LLC | | | Eastern District of Michigan | | |
| Taylor Industrial Properties, L.L.C. | | | Eastern District of Michigan | | |

| In re | Chapter: 11 |
|-------|-------------|
| Lee Steel Corporation,<br>Debtor. | Case No. |

# DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of Lee Steel Corporation, named in this case as (the "Debtor"), declare under penalty that I have read the foregoing and it is true and correct to the best of my knowledge, information, and belief.



_____4\13\15_____
Date

Laura Marcero
Name

Chief Restructuring Officer
Title

_Penalty for making a false statement or concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C.§§ 152 and 3571

# UNITED STATES BANKRUPTCY COURT

### Eastern District of Michigan

In re ___ Lee Steel Corporation _____ ,
**Debtor**

Case No. _____

Chapter ___ 11 _____

## CONSOLIDATED
## LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 30 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. If a minor child is one of the creditors holding the 30 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| ESSAR STEEL ALGOMA INC. c/o Ajay Gawri C/O 910691 TORONTO, ON M5W OE9 CA | ESSAR STEEL ALGOMA INC. c/o Ajay Gawri C/O 910691 TORONTO, ON M5W OE9 CA | ACCOUNTS PAYABLE | | $2,509,687.90 |
| TATA STEEL UK LIMITED Sara Cunningham HSBC BANK PLC LONDON SWIFT: MIDLGB22 1970 CA IJmuiden, GB | TATA STEEL UK LIMITED Sara Cunningham HSBC BANK PLC LONDON SWIFT: MIDLGB22 1970 CA IJmuiden, GB | ACCOUNTS PAYABLE | | $2,133,302.62 |
| NLMK USA Kathy Longo 62520 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693-0625 | NLMK USA Kathy Longo 62520 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693-0625 | ACCOUNTS PAYABLE | | $1,250,593.65 |
| METALLIA U.S.A. LLC Josh Gertelman 2200 FLETCHER AVE FORT LEE, NJ 07024 | METALLIA U.S.A. LLC Josh Gertelman 2200 FLETCHER AVE FORT LEE, NJ 07024 | ACCOUNTS PAYABLE | | $1,240,060.28 |
| TATA STEEL IJMUIDEN BV Anja Poorter-Keur ROYAL BANK OF SCOTLAND SWIFT CODE: RBOSNL2A GB | TATA STEEL IJMUIDEN BV Anja Poorter-Keur ROYAL BANK OF SCOTLAND SWIFT CODE: RBOSNL2A GB | ACCOUNTS PAYABLE | | $1,052,072.18 |
| NIPPON STEEL TRADING AMERICA Barry Allman 8600 W BRYN MAWR AVE CHICAGO, IL 60631 | NIPPON STEEL TRADING AMERICA Barry Allman 8600 W BRYN MAWR AVE CHICAGO, IL 60631 | ACCOUNTS PAYABLE | | $722,698.20 |
| NORTH STAR BLUSCOPE STEEL LLC Laurie Holt 25544 NETWORK PLACE CHICAGO, IL 60673-1255 | NORTH STAR BLUSCOPE STEEL LLC Laurie Holt 25544 NETWORK PLACE CHICAGO, IL 60673-1255 | ACCOUNTS PAYABLE | | $485,925.54 |
| AK STEEL CORPORATION Brandon Hill 14723 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | AK STEEL CORPORATION Brandon Hill 14723 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | ACCOUNTS PAYABLE | | $289,231.53 |

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

In re ___Lee Steel Corporation___ ,
         **Debtor**

Case No. _____
Chapter ___11___ _____

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| ARCELORMITTAL USA, LLC<br>Ashley Vichio<br>25465 NETWORK PLACE<br>CHICAGO, IL 60673-1255 | ARCELORMITTAL USA, LLC<br>Ashley Vichio<br>25465 NETWORK PLACE<br>CHICAGO, IL 60673-1255 | ACCOUNTS PAYABLE | | $273,042.26 |
| GENERAL MOTORS CORP.<br>MATERIAL BROKERING CA<br>P.O. BOX 982001<br>EL PASO, TX 79998-2001 | GENERAL MOTORS CORP.<br>MATERIAL BROKERING CA<br>P.O. BOX 982001<br>EL PASO, TX 79998-2001 | ACCOUNTS PAYABLE | | $136,377.14 |
| TRUCK CITY EXPRESS, L.L.C.<br>Joan M. Tetz<br>5000 WYOMING<br>STE 108<br>DEARBORN, MI 48126 | TRUCK CITY EXPRESS, L.L.C.<br>Joan M. Tetz<br>5000 WYOMING<br>STE 108<br>DEARBORN, MI 48126 | ACCOUNTS PAYABLE | | $67,552.39 |
| GRAND STEEL PRODUCTS, INC.<br>511 PONTIAC TRAIL<br>WIXOM, MI 48393 | GRAND STEEL PRODUCTS, INC.<br>511 PONTIAC TRAIL<br>WIXOM, MI 48393 | ACCOUNTS PAYABLE | | $58,987.38 |
| MAKSTEEL<br>7615 TORBRAM ROAD<br>MISSISSAUGA, ON L4T 4A8<br>CA | MAKSTEEL<br>7615 TORBRAM ROAD<br>MISSISSAUGA, ON L4T 4A8<br>CA | ACCOUNTS PAYABLE | | $50,828.58 |
| NISSAN NORTH AMERICA, INC.<br>Michelle lMeineker<br>P.O. BOX 685013<br>FRANKLIN, TN 37068-5013 | NISSAN NORTH AMERICA, INC.<br>Michelle lMeineker<br>P.O. BOX 685013<br>FRANKLIN, TN 37068-5013 | ACCOUNTS PAYABLE | | $44,980.00 |
| STEEL DYNAMICS FLATROOL DIV.<br>36248 Treasury Center<br>Chicago, IL 60694-6200 | STEEL DYNAMICS FLATROOL DIV.<br>36248 Treasury Center<br>Chicago, IL 60694-6200 | ACCOUNTS PAYABLE | | $40,396.45 |
| EXPERT METAL SERVICES-PA<br>Charlene Jones<br>5055 SWAMP ROAD<br>STE 205<br>FOUNTAINVILLE, PA 18923-9998 | EXPERT METAL SERVICES-PA<br>Charlene Jones<br>5055 SWAMP ROAD<br>STE 205<br>FOUNTAINVILLE, PA 18923-9998 | ACCOUNTS PAYABLE | | $38,435.97 |
| DAVIS & DAVIS INTERIOR DESIGNS<br>30500 NORTHWESTERN HWY<br>FARMINGTON HILLS, MI 48334 | DAVIS & DAVIS INTERIOR DESIGNS<br>30500 NORTHWESTERN HWY<br>FARMINGTON HILLS, MI 48334 | ACCOUNTS PAYABLE | | $38,083.83 |
| ACCIAIERIA ARVEDI S.p.A.<br>LUCA SHERIF FRIGIDO<br>FINARVEDI S.p.A.<br>Attn: ALESSANDRO GEROLDI<br>26100 CREMONA<br>IT | ACCIAIERIA ARVEDI S.p.A.<br>LUCA SHERIF FRIGIDO<br>FINARVEDI S.p.A.<br>Attn: ALESSANDRO GEROLDI<br>26100 CREMONA<br>IT | ACCOUNTS PAYABLE | | $36,975.00 |
| UNIVERSAL STEEL CO. OF PENN.<br>NANCY<br>P.O. BOX 74690<br>CLEVELAND, OH 44194-4690 | UNIVERSAL STEEL CO. OF PENN.<br>NANCY<br>P.O. BOX 74690<br>CLEVELAND, OH 44194-4690 | ACCOUNTS PAYABLE | | $34,750.01 |

15-45784-mbm     Doc 1     Filed 04/13/15     Entered 04/13/15 13:30:30     Page 7 of 24

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

In re  Lee Steel Corporation                              ,          Case No. _____
                    **Debtor**                                        Chapter  11

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| OMNI METALS 16801 GREENSPOINT PARK DRIVE HOUSTON, TX 77060 | OMNI METALS 16801 GREENSPOINT PARK DRIVE HOUSTON, TX 77060 | ACCOUNTS PAYABLE | | $33,915.22 |
| CSN LLC 24760 NETWORK PLACE CHICAGO, IL 60673-1247 | CSN LLC 24760 NETWORK PLACE CHICAGO, IL 60673-1247 | ACCOUNTS PAYABLE | | $31,333.52 |
| SHELBY STEEL PROCESSING DONNA MCCLAIN 40 HALTINER ROAD RIVER ROUGE, MI 48218 | SHELBY STEEL PROCESSING DONNA MCCLAIN 40 HALTINER ROAD RIVER ROUGE, MI 48218 | ACCOUNTS PAYABLE | | $28,340.67 |
| AK STEEL DEARBORN MARYJANE CANARY LOCKBOX ACCT P.O. BOX 935363 ATLANTA, GA 31193-5363 | AK STEEL DEARBORN MARYJANE CANARY LOCKBOX ACCT P.O. BOX 935363 ATLANTA, GA 31193-5363 | ACCOUNTS PAYABLE | | $23,606.45 |
| UNITED STATES STEEL CORP. PRECIOUS F. BAILEY NON PRIME 6800 RELIABLE PARKWAY CHICAGO, IL 60686 | UNITED STATES STEEL CORP. PRECIOUS F. BAILEY NON PRIME 6800 RELIABLE PARKWAY CHICAGO, IL 60686 | ACCOUNTS PAYABLE | | $22,588.35 |
| MIDWEST INDUSTRIAL LUMBER, INC. P.O. BOX 522 BRYON CENTER, MI 49315 | MIDWEST INDUSTRIAL LUMBER, INC. P.O. BOX 522 BRYON CENTER, MI 49315 | ACCOUNTS PAYABLE | | $19,119.29 |
| ROGER GRAHAM TRUCKING 6767 WINGEIER ALTO, MI 49302 | ROGER GRAHAM TRUCKING 6767 WINGEIER ALTO, MI 49302 | ACCOUNTS PAYABLE | | $18,366.17 |
| O & I TRANSPORT INC. RASHANDA P.O. BOX 807 DEARBORN, MI 48121 | O & I TRANSPORT INC. RASHANDA P.O. BOX 807 DEARBORN, MI 48121 | ACCOUNTS PAYABLE | | $17,657.00 |
| ACE DORAN  HAULING & RIGGING CO. CHERYL A BENNETT COMPANY P.O. BOX 100004 MCDONOUGH, GA 30253-9304 | ACE DORAN  HAULING & RIGGING CO. CHERYL A BENNETT COMPANY P.O. BOX 100004 MCDONOUGH, GA 30253-9304 | ACCOUNTS PAYABLE | | $16,997.91 |
| PLANTE & MORAN PLLC 16060 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | PLANTE & MORAN PLLC 16060 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | ACCOUNTS PAYABLE | | $16,110.00 |
| DELACO STEEL PRODUCTS Karen Brown 16086 COLLECTION CENTER DRIVE CHICAGO, IL 60693 | DELACO STEEL PRODUCTS Karen Brown 16086 COLLECTION CENTER DRIVE CHICAGO, IL 60693 | ACCOUNTS PAYABLE | | $15,501.64 |

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

In re    Lee Steel Corporation    ,                    Case No. _____
                 **Debtor**                          Chapter    11   _____

| (1) | (2) | (3) | (4) | (5) |
|-----|-----|-----|-----|-----|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |

# DECLARATION REGARDING LIST OF CREDITORS

### DECLARATION UNDER PENALTY OF PERJURY REGARDING the TOP 30 UNSECURED CLAIMS ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Laura Marcero, the Chief Restructuring Officer of the Lee Steel Corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors holding 30 largest unsecured claims, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____4/13/15_____                             Signature: _Laura Marcero_

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C.§§ 152 and 3571

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

In re:   Lee Steel Corporation_____,                                    Case No. _____
                        **Debtor**                                                                                Chapter   11   _____

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Fed. R. Bank. P. 1007(a)(3) for filing in this chapter 11 case.

| Name and last know address or place of business of holder | Security Class | Number of Shares or Securities | Kind of Interest |
|---|---|---|---|
| Thomas E. Taylor<br>44104 Verona Lane<br>Novi, MI 48168 | EQUITY | 6.105% | |
| William Zachary Taylor Living Trust<br>C/o David Dragich<br>21043 Mack Ave.<br>Grosse Pointe Woods, MI 48236 | EQUITY | 87.79% | |
| Zachary S. Taylor<br>7108 Nantucket Dr SW<br>Byron Center, MI 49315 | EQUITY | 6.105% | |

In re _____Lee Steel Corporation_____          Case No._____
                    **Debtor**                        **(If known)**

# DECLARATION CONCERNING DEBTOR'S EQUITY

### Equity Holder List

I, Laura Marcero the undersigned authorized officer of Lee Steel Corporation, named in this case as (the "Debtor"), declare under penalty that I have read the foregoing and it is true and correct to the best of my knowledge, information, and belief.

Date: _____4/13/15_____                    Signature: _____
                                           Title: Chief Restructuring Officer

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

In re:   Lee Steel Corporation                ,        Case No. _____
                    Debtor                              Chapter   11   _____

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1, the following is a list of corporations that directly or indirectly own ten percent(10%) or more of any class of the above captioned debtor's equity interests or states that there are no entities to report:

| Name and last know address or place of business of holder | Number of Shares or Securities |
| --- | --- |
| None | |

In re <u>Lee Steel Corporation</u>        Case No.<u>                    </u>
              **Debtor**                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S CORPORATE OWNERSHIP STATEMENT

## Corporate Ownership Statement

I,  Laura Marcero the undersigned authorized officer of Lee Steel Corporation, named in this case as (the "Debtor"), declare under penalty that I have read the foregoing and it is true and correct to the best of my knowledge, information, and belief.

Date:   <u>04/13/2015                    </u>

Signature: *Laura Marcero*

Title: Chief Restructuring Officer

# Lee Steel Corporation

### RESOLUTION OF THE
### BOARD OF DIRECTORS

**WHEREAS,** the undersigned, being the all of the Directors of Lee Steel Corporation, a Michigan corporation (the "Company"), desire that the actions expressed in the following resolutions be, and same hereby are, taken by the Directors of the Company as of the date appearing after these resolutions; and

**WHEREAS,** the Company faces serious financial difficulties resulting from the present severe collapse in steel prices, which has caused the Company, as well as certain of its affiliates, to default under the terms of their secured lending agreements with The Huntington National Bank ("Lender"). Therefore, the Directors have determined that a filing of a chapter 11 bankruptcy (the "Bankruptcy") to protect the interests of the Company and its creditors and in order to preserve and maximize the value of the Company for all parties in interest;

**WHEREAS,** the Company's Directors have determined that the best interests of the Company and its creditors would be best served by appointing a Chief Restructuring Officer in order to assist the company in preparing for navigating through restructuring in the Bankruptcy process as soon as possible;

**BE IT RESOLVED,** by the Directors of this Company, that Laura A. Marcero of Huron Consulting Services, LLC ("Huron") is hereby appointed as the Chief Restructuring Officer ("CRO") of the Company and, in that capacity, will be entitled to the most favorable indemnities provided for officers of the Company under its bylaws;

**RESOLVED FURTHER,** by the Directors of this Company, that Matthew Kazin of Huron is hereby appointed as the Treasurer of the Company and will report directly to the CRO, and in that capacity will be entitled to the most favorable indemnities provided for officers of the Company under its bylaws;

**RESOLVED FURTHER,** by the Directors of this Company, that until such time as she is removed as CRO by the Directors, that Laura A. Marcero shall have full control of all actions and operations of the

Company per the terms of that certain engagement letter between Company and Huron attached hereto as **Exhibit A**, including but not limited to control and handling of all cash receipts and disbursements, restructuring of the Company's obligations with Lender and company's creditors, any sales of assets, and any refinancing of Company's obligations owed to Lender;

**RESOLVED FURTHER** that Laura A. Marcero, shall have authority to take or cause to be taken all actions necessary to carry out these Resolutions, including the execution of any and all documents required to be executed by the Company for the purposes expressed by these Resolutions; and

**RESOLVED FURTHER,** that any and all agreements, instruments and documents previously executed, and acts and things previously done, to carry out the purposes of these Resolutions are ratified, confirmed, and approved as the acts of this Company.

**IN WITNESS WHEREOF,** the undersigned, constituting all of the Directors of the Company have hereunto set their hands as of the 31st day of March, 2015.

By: W. Zachary Taylor
Its: Chairman

By: Thomas E. Taylor
Its: Director

{5422676:4}

# Exhibit A
Engagement Terms

**Huron**Business Advisory

March 31, 2015

K.C. Jones
Lee Steel Corporation
45525 Grand River Ave.
Novi, MI 48374

Dear K.C.:

This Amendment describes changes to the Engagement Letter dated January 27, 2015 between Huron Consulting Services LLC ("Huron") and Lee Steel Corporation ("Company"). Taylor Industrial Properties, L.L.C. and 4L Ventures, LLC are added as parties to the engagement letter and included in the definition of the "Company". Additionally, the section(s) of the Engagement Letter set forth below are hereby amended, effective as of the date first written above, by adding at the conclusion of the respective section(s) the following text or by removing or replacing the text in the original engagement letter of the respective sections, if so noted:

<u>Objectives and Scope</u>

The scope procedures above relate to the initial review of the Company's 13 week forecast and the preparation of a monthly 12 month forecast and are referred to as the "Assessment".

In addition to the scope items related to the Assessment, Huron will provide the following services:

1) Huron will provide Laura Marcero to serve as Chief Restructuring Officer ("CRO") and Matt Kazin to serve as Treasurer. Ms. Marcero & Mr. Kazin (the "Executives") will functionally report to the Company's Board of Directors..
2) Huron will also provide certain financial advisory services that include the following:
   a. Full financial oversight, including disbursements
   b. Weekly budget vs actual reporting
   c. Updates and roll forward to the weekly and monthly budget
   d. Interface and negotiation with key constituencies
   e. Review operation structure for expense reductions
   f. Reporting and testimonial support, as required by the Bankruptcy Court
3) Huron will provide certain advisory services related to an asset sale of the Company
   a. Prepare a teaser and offering memorandum
   b. Prepare management presentation documents
   c. Adhere to sale milestones, as agreed to by Lee Steel and Huntington Bank, with approval by the Bankruptcy Court
   d. Negotiate purchase terms with prospective purchasers
   e. Assist in the preparation of due diligence documents requested by prospective purchasers

{5428147:2}

**Huron**BusinessAdvisory

     f.    Provide testimony, as necessary, to obtain Bankruptcy Court approval for a sale

4)   Each of scope areas 1 through 3 above are provided on an hourly basis

<u>Our Services</u>

The following language from the "Our Services" section of our original engagement letter dated January 27, 2015 is removed:

~~We plan to provide our findings over an approximate four week time frame. The first week will include an information exchange and review as well as a kick-off meeting and potential site visit with Company management. The analysis, discovery, and discussions with management will continue subsequent to the first week. We plan to complete our analysis of the existing weekly forecast and finalize our findings relative to that forecast around the second week. Our development of a longer term forecast model will continue into the third and fourth weeks. In addition, we can provide real-time feedback pertaining to the objectives in the preceding section of this document, as requested by you and at mutually agreeable interim dates throughout our engagement.~~

The following language is to be added at the end of the "Our Services" section of our original engagement letter dated January 27, 2015:

Huron may provide additional resources or services to you beyond those described herein, if agreed upon by Huron and the Board or its designated committee. You agree to pay for such additional work at Huron's current rates. It is understood and agreed that interim officers will not be involved in any decision by the Company to use Huron for such additional resources or services.

Unless the Board otherwise agrees, Huron shall cause the Executives to devote substantially their full-time efforts to the business and affairs of the Company: provided, however, that the Executives may be available to Huron for activities relating to the normal course of its business (including marketing Huron and directing associates or affiliates of Huron who may be working on other projects on its behalf) to the extent such activities do not materially interfere with the performance of their duties to the Company hereunder.

Without adjustment to Huron's compensation hereunder, each of the Executives shall be entitled to the same time off as he or she would otherwise receive in the form of vacation, sick time, personal days and holidays in his position if he were an employee of the Company (without requirement of vesting or accrual); provided, however, that no period of absence from the Company by any Executive for sick time or personal days may exceed two (2) consecutive weeks without the prior approval of the Board.

If any factors arise that are beyond our control that would affect the availability of our staff, such as death, illness, disability, or a career change, we will notify you immediately, and subject to your approval, provided

{5428147:2}

**Huron** Business Advisory

such approval shall not be unreasonably withheld, we will assign a replacement executive with substantially equivalent skills experience and expertise.

<u>Your Responsibilities</u>

You agree to provide all Huron personnel acting as officers of the Company the most favorable indemnities provided by the Company to its officers and directors, whether under the Company's by-laws, partnership agreement, by contract or otherwise. This indemnification is in addition to the indemnification afforded Huron under the attached General Business Terms. The Company shall also provide such Huron personnel full coverage under applicable Company insurance policies that protect officers and directors from liability. Certificates of insurance demonstrating the coverage contemplated by the foregoing shall be furnished to us, upon request.

Further, you agree to include and cover Ms. Marcero and Mr. Kazin under the Company's directors' and officers' liability insurance ("D&O Insurance") to the same extent as the Company's officers.

In the event that other Temporary Staff become officers of the Company, such individuals will be entitled to receive the same indemnification described above with respect to Ms. Marcero and Mr. Kazin.

Except as stated in this Engagement Letter, the risk of loss with respect to the Company's operations and assets shall be borne by the Company. Huron shall not be deemed to have assumed or be liable for any claim, liability, or obligation of the Company whether known or unknown, fixed or contingent accrued or un-accrued. Except as otherwise required by applicable law, any reference to the nature or results of Huron's work may not be communicated to the public through public relations media, news media, sales media, or any other means without the prior written consent of both parties.

In the event the Company files for relief under Chapter 11 of the Bankruptcy Code, (a) the Company agrees to file an appropriate motion prepared in consultation with Huron as to matters relating to our retention by the Company and provision of Services as contemplated hereunder, on the first day of the bankruptcy case, which seeks the approval of the immediate assumption of this Agreement by the Company under section 363 of the Bankruptcy Code, and (b) this Agreement shall be subject to the entry of a final order of the Court approving the assumption of this Agreement, and (c) Huron shall not be required to perform any additional services under this Agreement until the entry of the Court's order approving the assumption of the Agreement or, if this Agreement is deemed not to be an executory contract, an order pursuant to section 363 of the Bankruptcy Code authorizing the employment of Huron under the terms of this Agreement. In the event, the order approving the Company's assumption of this Agreement is not pursuant to section 363 of the Bankruptcy Code or, if this Agreement is deemed not to be an executory contract, the order authorizing the engagement of Huron must be acceptable to Huron in its sole discretion.

<u>Fees & Expenses</u>

{5428147:2}

# **Huron** Business Advisory

The "Fees & Expenses" section of our original engagement letter dated January 27, 2015 shall be replaced with the following:

As compensation for providing services related to the Assessment, you will pay us a fixed fee of $72,000, plus out of pocket expenses.

For scope items in addition to the Assessment, we will bill on an hourly basis based on the actual hours worked at the following hourly rates (which are discounted from our standard rates, and may be subject to adjustment from time to time):

| Title | Hourly Rate |
|---|---|
| Laura Marcero | $725 |
| Matthew Kazin | $575 |
| Managing Director | $700-850 |
| Senior Director | $625 |
| Director | $550-600 |
| Manager | $400-450 |
| Associate | $375 |
| Analyst | $300 |

Huron agrees to provide a discount of 31% off of the hourly rates listed above.

For clarity, hourly fees incurred for scope item #3 will be capped at $500,000 in total.

Wire transfer to:

Bank of America, N.A.
Chicago, Illinois
Routing No.0260-0959-3
Account Title: Huron Consulting Services LLC
Account Number: 5800297276
Comments: Include Invoice Number

Out of pocket expenses (including transportation, lodging, meals, communications, supplies, copying, etc.) will be billed at the actual amounts incurred. Out of pocket expenses also include reasonable fees and expenses of attorneys consulted or engaged by Huron to assist it with matters under this Agreement, such as retention applications, fee applications, and collection of fees under this Agreement.

{5428147;2}

# **Huron**BusinessAdvisory

We will bill periodically during our assignment. We anticipate billing on a weekly basis. Our invoices are due upon presentation. Amounts remaining outstanding for more than 20 days (past due) will be subject to an interest charge of 1.5% per month from the date of invoice. We reserve the right to suspend further services until payment is received on past due invoices, in which event we will not be liable for any resulting loss, damage or expense connected with such suspension. We understand that our bills should be sent to:

K.C. Jones
Lee Steel Corporation
45525 Grand River Ave.
Novi, MI 48374
Phone: (313) 432-2522
Fax: (248) 354-8071
Email: kcjones@leesteelcorp.com

In the event the Company files for relief under Chapter 11 of the Bankruptcy Code, we understand that our bills should be sent to the Company; filed with the Bankruptcy Court and paid pursuant to procedures established by any order of the Bankruptcy Court.

Retainer

The "Retainer" section of our original engagement letter dated January 27, 2015 shall be replaced with the following:

We will require a retainer of $100,000 before we can commence work. The retainer will be held in trust and either be applied to our final invoice to you at the conclusion of the engagement or will be refunded to you at that time.

Business Terms

The General Business Terms attached to our original engagement letter dated January 27, 2015 are replaced with the updated and attached General Business Terms.

\* \* \*

This Amendment constitutes the entire understanding between the Company and Huron with respect to the foregoing changes, supersedes all prior oral and written communications with respect to such changes, and may be amended, modified or changed only in writing when signed by both parties. Except as expressly modified herein, all other terms and conditions of the Engagement Letter remain unchanged.

Please indicate your agreement to this Amendment by signing and returning to Huron the enclosed copy of this letter. We appreciate the opportunity to be of service to you.

(5428147:2)

**Huron**BusinessAdvisory

Very truly yours,

HURON CONSULTING SERVICES LLC

By: _____
Laura Marcero
Managing Director

Acknowledged and Accepted:

Lee Steel Corporation

By: _____

Title: _____ President

Date: _____ 4/1/15

4L Ventures, LLC

By: _____

Title: _____ Member

Date: _____ 4/1/15

Taylor Industrial Properties, L.L.C.

By: _____

Title: _____ Member

Date: _____ 4/1/15

{5428147:2}

**Huron**BusinessAdvisory

V51903

{5428147:2}