UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| LEE STEEL CORPORATION, | ) Case No. 15-45784 ) |
| Debtor. | ) ) Judge ) ) |
| In re: | ) Chapter 11 ) |
| TAYLOR INDUSTRIAL PROPERTIES, L.L.C. | ) Case No. 15-45785 ) |
| Debtor. | ) ) Judge ) ) |
| In re: | ) Chapter 11 ) |
| 4L VENTURES, LLC | ) Case No. 15-45788 ) |
| Debtor. | ) ) Judge ) ) |

**FIRST DAY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the joint administration of the affiliated Debtors' related chapter 11 cases for procedural purposes only.

In support of this Motion, the Debtors respectfully state as follows:

{5422942:5}

## Background

1. On April 13, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee, examiner, or official committee of unsecured creditors has yet to be formed or appointed in these chapter 11 cases.

3. Debtor Lee Steel Corporation ("Lee Steel") is in the business of providing a full range of flat rolled steel, including hot rolled steel, cold rolled steel, and exposed coated products for automotive and other manufacturing industries. Lee Steel operates from special purpose facilities located in Romulus, Michigan and Wyoming, Michigan, which facilities Lee Steel leases from Debtor 4L Ventures, LLC and Debtor Taylor Industrial Properties, L.L.C., respectively. Lee Steel's corporate headquarters are located in Novi, Michigan.

4. Prior to the collapse in steel prices, Lee Steel was profitable and had annual revenues of approximately $100 million. The vast majority of Lee Steel's customers are Tier 1 and Tier 2 suppliers to the automotive industry operating in a "just in time" environment so that the customers must meet their customers' delivery requirements and, as such, cannot risk having their production delayed or interrupted. According to their audited financial statements, the Debtors' consolidated gross sales for the fiscal year ended September 30, 2014, were $116,602,378.

5. In the ordinary course of their business operations, the Debtors directly employ approximately 65 individuals, including approximately 23 union employees.

6. Detailed facts about the Debtors and the reasons for the commencement of their chapter 11 cases are set forth in the *Affidavit and Statement of Laura A. Marcero in Support of Chapter 11 Petitions and First Day Motions*, filed contemporaneously herewith.

7. A motion for joint administration of the Debtors' chapter 11 cases for procedural purposes is being filed contemporaneously with this motion.

## Relief Requested

8. By this Motion, the Debtors seek an order for joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b). Joint administration of these chapter 11 cases (a) will ease the administrative burden on the Court and the parties, (b) will protect creditors of different estates, and (c) will simplify the United States Trustee's supervision of the administrative aspects of Debtors' chapter 11 cases. Accordingly, the Debtors respectfully request that the Court jointly administer the above-captioned chapter 11 cases, solely for procedural purposes, under the case number assigned to Lee Steel.

10. Pursuant to Local Rule 1015-1, the Debtors make the following disclosures:

(i) The Debtors are affiliates of one another and are privately held entities wholly owned by the equity security holders identified in the list filed with the Court pursuant to Bankruptcy Rule 1007(a)(3).

(ii) Prior to the Petition Date, the Debtors entered into certain loan agreements (the "Loan Documents") with The Huntington National Bank ("Secured Lender"),

pursuant to which the Debtors granted Secured Lender liens on all of the Debtors' assets and pursuant to which the Debtors are co-obligors and/or guarantors of the obligations of one another owed to the Secured Lender. W. Zachary Taylor, the Debtors' controlling equity holder, is also a co-guarantor of the obligations of the Debtors to Secured Lender limited to $7 million. A complete detail of any and all inter-company claims will be disclosed and incorporated into the Debtors' Statement of Financial Affairs to be filed with the Court.

(iii) None of the Debtors are a guarantor or co-obligor of any obligations of any non-debtor equity holders.

(iv) In the ordinary course of business and prior to the Petition Date, funds may have been transferred between the Debtors. A complete list of the transfers will be disclosed and incorporated in the Debtors' Statement of Financial Affairs to be filed with the Court.

11. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With three affiliated debtors, each with its own case dockets, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Court.

12. Joint administration will permit the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of each of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that

such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

13. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

14. Based on the foregoing, the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest. Accordingly, the Debtors request that the caption of these chapter 11 cases reflect the joint administration of such cases, as proposed and attached as Exhibit B hereto.

15. The Debtors also request that the Clerk make separate docket entries in each of the above-captioned cases substantially as follows:

> An order (the "Joint Administration Order") has been entered in accordance with Fed. R. Bank.R. 1015(d) directing the joint administration of the following cases under case number 15-_____: Lee Steel Corporation, Case No. 15-_____; Taylor Industrial Properties, L.L.C., Case No. 15-_____; and 4L Ventures, LLC, Case No. 15-_____.

16. Finally, the Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in

the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

## Notice

17. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel for the Secured Lender, (iii) all parties required pursuant to Local Rule 9013-1, (iv) the relevant taxing authorities, as required by Local Rule 1015-1(c), and (iv) any other party requesting notice in these proceedings. In light of the fact that no trustee, examiner, or creditors' committee has been appointed or formed in these cases, the Debtors submit that no further notice is necessary or required.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank; Signature Page Follow]*

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases; (b) granting such other and further relief as is proper.

Respectfully submitted,

/s/ Stephen M. Gross
Stephen M. Gross (P35410)
Jayson B. Ruff (P69893)
Joshua A. Gadharf (P76860)
McDONALD HOPKINS LLC
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
E-mail: sgross@mcdonaldhopkins.com
    jruff@mcdonaldhopkins.com
    jgadharf@mcdonaldhopkins.com

and

Manju Gupta (OH Bar No. 0076452)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5400
Facsimile:   (216) 348-5474
E-mail:      mgupta@mcdonaldhopkins.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION

# EXHIBIT A

**(First Day Proposed Order Authorizing Joint Administration of Debtors Chapter 11 Cases)**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 15-45784 <br> ) <br> ) <br> ) Judge <br> ) <br> ) |
| LEE STEEL CORPORATION, | |
| Debtor. | |
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 15-45785 <br> ) <br> ) <br> ) Judge <br> ) <br> ) |
| TAYLOR INDUSTRIAL PROPERTIES, L.L.C. | |
| Debtor. | |
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 15-45788 <br> ) <br> ) <br> ) Judge <br> ) <br> ) |
| 4L VENTURES, LLC | |
| Debtor. | |

## ORDER AUTHORIZING JOINT ADMINISTRATION
## OF THE DEBTORS' CHAPTER 11 CASES

This matter coming before the Court on *First Day Motion of the Debtors for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion"), filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) the Debtors are "affiliates"

within the meaning of section 101(2) of the Bankruptcy Code;[1] (c) the joint administration of the Debtors' cases is appropriate pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1; and (d) service and notice of the Motion was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED.

2. The Debtors' respective captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered under the case number assigned to Lee Steel Corporation in accordance with Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

3. The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LEE STEEL CORPORATION. et al.**[1] | ) | **Case No. 15-_____** |
| | ) | |
| **Debtors.** | ) | |
| | ) | **Judge** |
| | ) | |

_____

[1] Debtors include Lee Steel Corporation, Case No. 15-_____; Taylor Industrial Properties, L.L.C., Case No. 15-_____, and 4L Properties, LLC, Case No. 15-_____.

4. A docket entry shall be made in each of the above-captioned chapter 11 cases substantially as follows:

_____

1 Capitalized terms used, but not otherwise defined herein, shall have the meanings given to them in the Motion.

> An order (the "Joint Administration Order") has been entered in accordance with Fed. R. Bank. R. 1015(d) directing the joint administration of the following cases under case number 15-_____: Lee Steel Corporation, Case No. 15-_____; Taylor Industrial Properties, L.L.C., Case No. 15-_____; and 4L Ventures, LLC, Case No. 15-_____.

5. A creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted and not in the jointly administered case.

6. Notwithstanding Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **LEE STEEL CORPORATION.** *et al.*[1] | ) Case No. 15-_____ |
| | ) |
| **Debtors.** | ) |
| | ) Judge |
| | ) |

---

[1] Debtors include Lee Steel Corporation, Case No. 15-_____; Taylor Industrial Properties, L.L.C., Case No. 15-_____, and 4L Properties, LLC, Case No. 15-_____.

{5422942:5}