# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| **In re:**<br><br>**LEE STEEL CORPORATION,** *et al.*[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 15-45784-mbm**<br><br>**Hon. Marci B. McIvor** |

**ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO AGREEMENT FOR SALE OF ALL OF DEBTORS' FIXED ASSETS LOCATED AT DEBTORS' ROMULUS FACILITY TO HILCO INDUSTRIAL, LLC AND HILCO REAL ESTATE, LLC, THE SUCCESSFUL BIDDER AT AUCTION (II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' ROMULUS ASSETS IN CONNECTION THEREWITH FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND TRANSFERRING LIENS TO PROCEEDS; AND (III) GRANTING RELATED RELIEF**

This matter having come before the Court on the above-captioned debtors and debtors in possessions' (collectively, "Debtors") *Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004 for Entry of an Order (i) Authorizing Debtors to Enter Into Agreement for Sale of Substantially all of Debtors' Assets with Successful Bidder at Auction (ii) Authorizing the Sale of Substantially all of Debtors' Assets in Connection Therewith Free and Clear of all Liens, Claims, Encumbrances and Interests and Transferring Liens to Proceeds; and (iii) Granting Related Relief* ("Sale Motion")[2]; the Court having entered an order dated June 9, 2015 (the "Bidding Procedures Order") [Docket # 175], authorizing the Debtors to solicit and consider offers for the sale of substantially all of Debtors' assets, including Debtor's fixed assets at Debtors' Romulus Facility (the "Purchased Assets") free and clear of all liens, claims, encumbrances and interests and transferring liens to proceeds, select a Stalking Horse,

---

[1] Debtors include Lee Steel Corporation, Case No. 15-45784-mbm; Taylor Industrial Properties, L.L.C., Case No. 15-45785-mbm, and 4L Ventures, LLC, Case No. 15-45788-mbm.

[2] Capitalized terms not defined herein shall carry the meaning ascribed to them in the Sale Motion.

and conduct an auction ("Auction"), if necessary, in accordance with the terms and conditions of the bidding and other procedures approved by the Bidding Procedures Order (the "Bidding Procedures") for the sale of the Purchased Assets (the "Sale") and approving, *inter alia*, (i) the Bidding Procedures; (ii) the form and manner of notice of the Auction and Sale Hearing (defined below); and the Court having held hearing on the Sale Motion on August 12, 2015 at 9:30 a.m. EST (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Asset Purchase Agreement for the Purchased Assets submitted by Hilco Industrial, LLC and Hilco Real Estate, LLC (collectively the "Successful Bidder") being determined to be the Successful Bidder Purchase Agreement ("Sale Agreement"); and the Court having reviewed and considered the Sale Motion, and the arguments of counsel made, and the evidence adduced, in support of the entry of the Bidding Procedures Order and at the Sale Hearing; and upon the record of the Sale Hearing and these chapter 11 cases and proceedings, and after due deliberation thereon, and good cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT**:

A.    **Findings and Conclusions**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    **Jurisdiction and Venue**.  The Court has jurisdiction over the Sale Motion and the Sale pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    **Statutory Predicates**.  The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code sections 105, 362, and 363, Bankruptcy Rules 2002, 6004, 6006 and 9014, and Local Rule 6004-1.

D.    **Notice**.  Proper, timely, adequate, and sufficient notice of the Bidding Procedures Order and the Sale Motion, including, without limitation, the Bidding Procedures, the Form of Asset Purchase Agreement approved by the Bidding Procedures, the Auction, the Sale Hearing, and of the entry of this Order have been provided in accordance with sections 102(1), and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007, and Local Rule 6004-1, and in compliance with the Bidding Procedures Order.  Such notice was good and sufficient and appropriate under the particular circumstances.  No other or further notice of the Sale Motion, including, without limitation, the Sale, the Auction, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

E.    **Opportunity to Object**.  A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

F.    **Title to the Purchased Assets**.  The Purchased Assets constitute property of the Debtors' estates and title thereto is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

G.    **Business Justification**.  The Debtors have demonstrated a sufficient basis and compelling reasons for entering into the Sale Agreement and sell the Purchased Assets under section 363 of the Bankruptcy Code.  Such action is an appropriate exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, their creditors and all other parties in interest. Such business reasons include, but are not limited to, the fact that (i) the Sale Agreement of the Successful Bidder constitutes the highest or otherwise best offer for the

Purchased Assets; (ii) the Sale will present the best opportunity to realize the value of the Debtors' interest in the Purchased Assets; (iii) unless the Sale is concluded expeditiously as provided for in the Sale Motion and pursuant to the Sale Agreement, potential creditor recoveries may be substantially diminished. Entry of an order approving the Sale Agreement and all provisions thereof is a necessary condition precedent to closing the Sale.

H.     **Opportunity to Bid**.     The Debtors and their professionals marketed the Purchased Assets and conducted the marketing and sale process in accordance with the Bidding Procedures Order. The Auction process set forth in the Bidding Procedures Order and the Bidding Procedures afforded a full and fair opportunity for any entity to make a higher or otherwise better offer to purchase the Purchased Assets. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective Qualified Bidders have been afforded a reasonable and fair opportunity to bid for the Purchased Assets.

I.     The Successful Bidder submitted the highest or otherwise best offer for the Purchased Assets, and the Successful Bidder was selected in accordance with the Bid Procedures Order.

J.     **Highest or Otherwise Best Offer**.     The total consideration provided by the Successful Bidder for the Purchased Assets is the highest or otherwise best offer received by the Debtors.

K.     **Good Faith Purchaser**.     The Sale Agreement with the Successful Bidder and the Sale contemplated thereby have been negotiated by the Debtors and the Successful Bidder in good faith, at arm's length and without collusion or fraud. The terms and conditions of the Sale Agreement and the Sale, including the total consideration to be realized by the Debtors pursuant to the Sale Agreement, are fair and reasonable, and the Sale is in the best interest of the Debtors,

their creditors, and their estates. The Successful Bidder is a "good faith purchaser" of the Purchased Assets, entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code with respect to the Sale and transfer of the Purchased Assets. The terms defined in the Sale Agreement are incorporated by reference in this Order.

L.     The Sale Agreement was not controlled by an agreement between potential or actual bidders within the meaning of Bankruptcy Code section 363(n). The Debtors and the Successful Bidder have not engaged in any conduct that would cause or permit the Sale Agreement to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The Successful Bidder is entitled to all the protections and immunities of section 363(n) of the Bankruptcy Code.

M.     The Successful Bidder will be acting in good faith in consummating the Sale at any time on or after entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d). The Successful Bidder is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

N.     **Corporate Power and Authority**. Subject to entry of this Order, the Debtors and the Successful Bidder have full corporate power and authority to execute and deliver the Sale Agreement and to perform all of their respective obligations thereunder, and the Sale and transfer of the Purchased Assets has been duly and validly authorized by all corporate authority necessary to consummate the Sale. No consents or approvals, other than as expressly provided for in the Sale Agreement and the entry of this Order, are required by the Debtors to consummate the Sale.

O.     **Free and Clear**. The Sale and of the Purchased Assets to the Successful Bidder will be, as of the closing of the Sale ("Closing"), a legal, valid and effective transfer of such

assets, and each such transfer vests or will vest the Successful Bidder with all right, title and interest of the Debtors to the Purchased Assets free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), interests and encumbrances (other than any liabilities assumed by Successful Bidder pursuant to the Sale Agreement and liens permitted pursuant as provided in the Sale Agreement) (collectively, "Liens, Claims and Encumbrances") with any Liens, Claims and Encumbrances to attach to the consideration to be received by the Debtors in the same priority and subject to the same defenses and avoidability, if any, as of the Closing. The Successful Bidder would not enter into the Sale Agreement to acquire the Purchased Assets if the Sale of the Purchased Assets was not free and clear of all Liens, Claims and Encumbrances, or if the Successful Bidder would, or in the future could, be liable for any such Liens, Claims and Encumbrances. A sale of the Purchased Assets, other than one free and clear of all Liens, Claims and Encumbrances, would adversely impact the Debtors' estates, and would likely yield substantially less value for the Debtors' estates, with less certainty than the Sale. Therefore, the Sale contemplated by the Sale Agreement is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

P.     **Satisfaction of 363(f) Standards**. The Debtors may sell the Purchased Assets free and clear of all Liens, Claims and Encumbrances, because, with respect to each creditor asserting a Lien, Claim and Encumbrance one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied. Those holders of Liens, Claims and Encumbrances who did not object or who withdrew their objections to the Sale Motion, the Assumption and Assignment Notice (as defined in the Bid Procedures Order) are deemed to have consented to the Sale Motion and Sale of the Purchased Assets to the Successful Bidder pursuant to Bankruptcy Code section 363(f)(2), including but not limited to Lender (who expressly

consented). Those holders of Liens, Claims and Encumbrances who did object fall within one or more of the other subsections of Bankruptcy Code section 363(f) and are adequately protected by having their Liens, Claims and Encumbrances, if any, attach to the proceeds of the Sale ultimately attributable to the Purchased Assets in which such holders allege a Lien, Claim and Encumbrance, in the same order of priority, with the same validity, force and effect that such holder had prior to the Sale, and subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

Q.     The Sale contemplated under the Sale Agreement does not amount to a consolidation, merger or de facto merger of the Successful Bidders and the Debtors and/or the Debtors' estates; there is not substantial continuity between the Successful Bidder and the Debtors; there is no common identity between the Debtors and the Successful Bidder; there is no continuity of enterprise between the Debtors and the Successful Bidder, the Successful Bidder is not a mere continuation of the Debtors or their estates; and the Successful Bidder does not constitute a successor to the Debtors or their estates. Except as provided by the terms of the Sale Agreement, the Successful Bidder and its affiliates and their respective successors, assigns, members, partners, principals, and shareholders (or equivalent) shall have no obligations with respect to any liabilities of the Debtors, subject to the terms of the Sale Agreement.

R.     **No Fraudulent Transfer**. The Sale is not for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtors nor the Successful Bidder are or will be entering into the Sale Agreement fraudulently.

S.     **Fair Consideration**. The consideration for the Sale constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform

Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The Sale Agreement represents a fair and reasonable offer to purchase the Purchased Assets and assume or acquire liabilities under the circumstances of the Debtors' cases. Approval of the Sale Agreement and the consummation of the Sale are in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

T.      **Compliance with Bankruptcy Code.**  The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale as of the Closing.

U.      **Sale Not a Sub Rosa Plan**.  The Sale of the Purchased Assets outside of a plan of reorganization pursuant to the Sale Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors.  The Sale does not constitute a *sub rosa* chapter 11 plan.

V.      **Time is of the Essence**.  Time is of the essence in consummating the Sale. In order to maximize the value of the Debtors' assets, it is essential that the Sale occur within the time constraints set forth in the Sale Agreement and the Financing Order.  Specifically, the Sale must be approved and consummated promptly in order to avoid Debtors triggering an event of default under their financing arrangements approved by the Court in the Financing Order. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

W.     The Sale contemplated by the Sale Agreement is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest herein; and

**IT IS HEREBY ORDERED THAT:**

1.     **Relief Granted**.  The relief requested in the Sale Motion is granted in its entirety subject to the terms of this Order.

2.     **Objections Overruled**.  All objections and responses to the Sale Motion, this Order, the Sale or the relief granted herein that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on the merits with prejudice.

3.     **Notice**.  Notice of the Sale Motion, including without limitation, the Sale, the Sale Agreement, the Auction, and the Sale Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, and 9007 and Local Rule 6004-1.

4.     **Prior Findings of Fact and Conclusions of Law**.  The Court's findings of fact and conclusions of law in the Bidding Procedures Order are incorporated herein by reference.

5.     **Approval**.  The Sale Agreement and the Sale are hereby approved and authorized in all respects, and the Debtors are hereby authorized and empowered to enter into, and to perform their obligations under, the Sale Agreement and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the Sale Agreement.

6.     **Good Faith Successful Bidder**.  The Successful Bidder is a good faith Successful Bidder of the Purchased Assets and is hereby granted and is entitled to all of the protections provided to a good faith Successful Bidder under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order

are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under the Sale Agreement or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur, any sale, transfer or assignment shall be governed in all respects by the original provisions of this Order or the Sale Agreement, as the case may be.

7.      **Section 363(n) of the Bankruptcy Code**.  The Sale approved by this Order is not subject to avoidance or any recovery or damages pursuant to section 363(n) of the Bankruptcy Code.

8.      **Authorization of Performance by the Debtors**.   The Debtors and their managers, officers, employees, agents, and representatives are authorized to fully perform under, consummate, and implement the terms of the Sale Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Sale Agreement, this Order, and the Sale, including, without limitation, deeds, assignments and other instruments of transfer, and to take all further actions as may reasonably be requested by the Successful Bidder for the purpose of assigning, transferring, granting, conveying, and conferring to the Successful Bidder, or reducing to possession any or all of the Purchased Assets, as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the Sale Agreement, without any further corporate action or orders of the Court.

9.      The Successful Bidder and the Debtors shall have no obligation to proceed with the Closing until all conditions precedent to their respective obligations to do so have been met, satisfied or waived as set forth on the Sale Agreement.

10.     **Allocation by the Successful Bidder**.  To the extent provided in the Sale Agreement, the Successful Bidder is hereby authorized in connection with the consummation of the Sale to allocate the Purchased Assets among its affiliates, designees, assignees, and/or successors in a manner as it in its sole discretion deems appropriate and to assign, sublease, sublicense, transfer or otherwise dispose of any of the Purchased Assets or the rights under contracts to its affiliates, designees, assignees, and/or successors with all of the rights and protections accorded under this Order and the Sale Agreement, and the Debtors shall reasonably cooperate with and take all actions reasonably requested by the Successful Bidder to effectuate any of the foregoing.  The Successful Bidder's allocation of the Purchased Assets as permitted in this paragraph is for the Successful Bidder's convenience only and does not have any effect, prejudicial or otherwise, on the valuation of the Purchased Assets amongst the Debtors' estates or on the treatment of the proceeds by any of the Debtors.

11.     **Valid Transfer**.  Effective as of the Closing, the sale of the Purchased Assets by the Debtors to the Successful Bidder shall constitute a legal, valid and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any person and vests the Successful Bidder with all right, title and interest of the Debtors in and to the Purchased Assets, free and clear of all Liens, Claims and Encumbrances, pursuant to section 363(f) of the Bankruptcy Code.

12.     **Free and Clear**.  Upon the Closing, the Debtors shall be, and hereby are, authorized and empowered, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell the Purchased Assets to the Successful Bidder.  The Sale of the Purchased Assets to the Successful Bidder vests the Successful Bidder with all right, title and interest of the Debtors to the Purchased Assets free and clear of any and all Liens, Claims and Encumbrances, with all

such Liens, Claims and Encumbrances to attach only to the proceeds of the Purchased Assets with the same priority, validity, force, and effect as they now have in or against the Purchased Assets; provided, however that upon the closing of the Sale, the proceeds received by the Debtors from the Sale shall be paid to Lender as permitted by and in accordance with terms of the DIP Order. The Sale Motion shall be deemed to provide sufficient notice as to the sale and assignment of the Purchased Assets free and clear of all Liens, Claims and Encumbrances in accordance with Local Rule 6004-1. Following the Closing, no holder of any Lien, Claim and Encumbrance on the Purchased Assets may interfere with the Successful Bidder's use and enjoyment of the Purchased Assets based on or related to such Lien, Claim and Encumbrance, and no interested party may take any action to prevent, interfere with or otherwise enjoin consummation of the Sale.

13. The provisions of this Order authorizing the Sale of the Purchased Assets free and clear of Liens, Claims and Encumbrances shall be self-executing, and neither the Debtors nor the Successful Bidder shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order. In addition, the Successful Bidder is authorized, in its sole discretion, to attach the real property legal description from the Sale Agreement to this Order and record this Order in the land records of Wayne County, Michigan, to provide record notice of the transfer of the Purchased Assets free and clear of any and all Liens, Claims, and Ecumbrances.

14. **Direction to Creditors**. On the date of the Closing (the "Closing Date"), each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Liens, Claims and Encumbrances in the Purchased Assets, if any, as such Liens, Claims and Encumbrances may otherwise exist.

15.     **Direction to Surrender Possession or Control**.  All persons or entities, currently

or on or after the Closing Date, in possession or control of some or all of the Purchased Assets

are directed to surrender possession or control of the Purchased Assets to the Successful Bidder

on the Closing Date or at such time thereafter as the Successful Bidder may request.

16.     **Transfer of Title and Interests**.  All of the Debtors' interests in the Purchased

Assets to be acquired by the Successful Bidder under the Sale Agreement shall be, as of the

Closing Date and upon the occurrence of the Closing, transferred to and vested in the Successful

Bidder.  Upon the occurrence of the Closing, this Order shall be considered and constitute for

any and all purposes a full and complete general assignment, conveyance, and transfer of the

Purchased Assets acquired by the Successful Bidder under the Sale Agreement and/or a bill of

sale or assignment transferring indefeasible title and interest in the Purchased Assets, to the

Successful Bidder.

17.     Without limiting the effect or scope of the foregoing, except as otherwise

provided in the Sale Agreement, as of the Closing Date, the Successful Bidder and its affiliates

and their respective successors, assigns, members, partners, principals and shareholders (or

equivalent) shall have no successor or vicarious liabilities of any kind or character, including, but

not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law,

*de facto* merger or substantial continuity, whether known or unknown as of the Closing Date,

now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated

or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the

Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or

payable under, out of, in connection with, or in any way relating to the Purchased Assets prior to

the Closing.

18.     Nothing in this Order or the Sale Agreement releases, nullifies, precludes, or enjoins the enforcement of any environmental liability to a governmental unit that any entity would be subject to as the owner or operator of property after the date of entry of this Order. Nothing in this Order or the Sale Agreement authorizes the transfer or assignment to Successful Bidder of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without Successful Bidder's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

19.     **<u>Injunction</u>**.    Except to the extent expressly intended to enforce the Sale Agreement, all persons and entities, including, but not limited to, the Debtors, employees, former employees, all debt security holders, administrative agencies, governmental tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, bidders, lessors, warehousemen, customs brokers, freight forwarders, carriers, and other parties in possession of any of the Purchased Assets at any time, trade creditors and all other creditors, holding Liens, Claims and Encumbrances of any kind or nature whatsoever against or in the Debtors or in the Debtors' interests in the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, the Sale, or the transfer of the Purchased Assets to the Successful Bidder, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting, commencing, continuing, or otherwise pursuing such Lien, Claim and Encumbrance, in any manner, in any action, claim, or other proceeding of any kind, directly or indirectly, against the Successful Bidder, or any affiliates, successors or assigns thereof, their property or the Purchased Assets on account of the purchase

of the Purchased Assets.  Following the Closing Date, no holder of a Lien, Claim or Encumbrance shall interfere with the Successful Bidder's title to or use and enjoyment of the Purchased Assets based on or related to such Lien, Claim and Encumbrance.  For the avoidance of doubt, none of the foregoing shall prevent the Debtors, their estates, and their respective successors or assigns from pursuing claims, if any, against the Successful Bidder and/or its successors and assigns for any breach of the Sale Agreement to the extent permitted thereby.

20.     Except as provided in the Sale Agreement, the Successful Bidder has not assumed and is not otherwise obligated for any of the Debtors' liabilities.  Consequently, all persons, Governmental Units (as defined in section 101(27) of the Bankruptcy Code) and all holders of Liens, Claims and Encumbrances, based upon or arising out of liabilities retained by the Debtors, are hereby enjoined from taking any action against the Successful Bidder or the Purchased Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens, Claims and Encumbrances or on account of any liabilities of the Debtors.  All persons holding or asserting any Lien, Claim and Encumbrance on the Purchased Assets on account of liabilities of the Debtors are hereby enjoined from asserting or prosecuting such Liens, Claims and Encumbrances or cause of action against the Successful Bidder or the Purchased Assets for any such liability.

21.     **No Bulk Sales**.  No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale and the Purchased Assets.

22.     **Amendments**.  Subject to the terms of the Sale Agreement, the Sale Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Successful Bidder, without further action or order of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and

substantially conforms to, and effectuates, the Sale Agreement and any related agreements. Any material modification, amendment, or supplement to the Sale Agreement must be approved by Order of the Court following a motion on notice to all interested parties.

23. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the Sale Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors, and the Successful Bidder that the Sale Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent.

24. **Binding Order**. This Order and the Sale Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtors and the Successful Bidder, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in a chapter 7 case if any of Debtors' cases are converted from chapter 11 to a chapter 7 proceeding, all creditors of the Debtors (whether known or unknown), all non-Debtor parties to any contracts, filing agents, filing officers, title agents, recording agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Purchased Assets. The Sale Agreement and Sale shall not be subject to rejection or avoidance under any circumstances. This Order and the

Agreement shall inure to the benefit of the Debtors, their estates, their creditors, the Successful Bidder and their respective successors and assigns.

25.    **No Stay of Order**.  Notwithstanding Bankruptcy Rules 6004 and 6006, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Time is of the essence in closing the Sale referenced herein, and the Debtors and the Successful Bidder intend to close the Sale as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

26.    **Lift of Automatic Stay**.  If and to the extent that section 362 may be applicable to a particular action in connection with the Sale Agreement and Sale, the automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, to allow the Successful Bidder to deliver any notice provided for in the Sale Agreement and allow the Successful Bidder to take any and all actions permitted under the Sale Agreement in accordance with the terms and conditions thereof.

27.    **Retention of Jurisdiction**.  The Court shall retain jurisdiction to (a) interpret, implement and enforce the terms and provisions of this Order, the Bidding Procedures Order, and the Sale Agreement, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, in all respects, (b) to decide any disputes concerning this Order and the Sale Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Sale Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Purchased Assets, and all issues and disputes arising

in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens, Claims and Encumbrances.

28. **Subsequent Plan Provisions**. Nothing contained in any chapter 11 plan confirmed in the Debtors' chapter 11 cases or any order confirming any such plan or any other order in the chapter 11 cases of the Debtors (including any order entered after any conversion of the Debtors' cases into cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with or derogate from, the provisions of the Sale Agreement or this Order.

29. **Further Assurances**. From time to time, as and when requested by any party to the Sale Agreement, and subject to the terms of such Sale Agreement, each such party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale, including, such actions as may be necessary to vest, perfect or confirm, or record or otherwise, in the Successful Bidder its right, title, and interest in and to the Purchased Assets.

30. **Governing Terms**. To the extent this Order is inconsistent with any prior order or pleading in these chapter 11 cases, the terms of this Order shall govern. To the extent there is any inconsistency with between the terms of this Order and the terms of the Sale Agreement (including all ancillary documents executed in connection therewith), the terms of the Order shall govern.

31. **Excluded Assets.** Assets excluded from sale to the Successful Bidder under the Sale Agreement include all Chapter 5 Avoidance Action(s) (as defined in the Bidding Procedures Order), any Objection(s) (as defined in the Bidding Procedures Order) brought by the Unsecured Creditors Committee, as well as any state law fraudulent transfer and similar causes of action,

claims, or demands against Debtors' equity owners, officers, directors, members, employees, agents, representatives and professionals, as well as any proceeds thereof.

**Vehicle Proceeds.** Proceeds from vehicles sold under the Sale Agreement shall be free and clear of any and all liens, claims, and encumbrances under 11 U.S.C. § 363(f), with such liens, claims, and encumbrances, if any, attaching to the proceeds of sale with the same force, effect, and priority as such liens, claims, and encumbrances, if any, have on the estates' right to the vehicles, subject to the rights and defenses of the Debtors, Unsecured Creditors Committee, and any party in interest with respect thereto. Debtors' counsel shall hold the vehicle proceeds in the amount of $36,000.00 in trust until such time as: (i) the Debtors, Unsecured Creditors Committee, and Lender stipulate in writing as to how the vehicle proceeds are to be distributed, (ii) the right of the Unsecured Creditors Committee to object to the liens of Lender expires (in which event the vehicle proceeds shall be paid to Lender as permitted by and in accordance with the terms of the DIP Order), or (iii) the Court enters an order directing the distribution of the vehicle proceeds.

.

Signed on August 12, 2015

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge